

**IT IS ORDERED as set forth below:**

**Date: January 16, 2013**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT K. HAMMOND and | ) | |
| GAIL K. HAMMOND, | ) | CASE NO. 12-41815-PWB |
| | ) | |
| Debtors. | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| | ) | |
| ROBERT K. HAMMOND and | ) | |
| GAIL K. HAMMOND, | ) | |
| | ) | |
| Movants, | ) | CONTESTED MATTER |
| vs. | ) | |
| | ) | CHAPTER 7 |
| COMMUNITY BANK OF | ) | |
| PICKENS COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER GRANTING MOTION TO STRIP LIEN

The Debtors have filed a motion that requests determination of the secured status of the claim

of the Respondent (the "Motion"). [Docket No. 33.] The Motion asserts that the Respondent holds

a claim secured by a deed to secure debt on real property owned by the Debtors known generally as 765 Fairmount Road, Waleska, Georgia (the "Property"); that Respondent's deed to secure debt is subordinate to another deed to secure debt; and that the value of the Property is less than the amount of debt secured by the first priority deed to secure debt.

The Motion and notice of a hearing on it were properly served on the Respondent, which did not file a response or appear at the hearing to oppose it.

The Motion seeks to void the junior security interest held by the Respondent pursuant to 11 U.S.C. §§ 506(a) and (d). The U.S. Court of Appeals for the Eleventh Circuit held in *In re McNeal*, 2012 WL 1649853 (11th Cir. 2012), that the relief the Motion requests should be granted. Because *McNeal* is an unpublished decision, however, it is not binding precedent pursuant to 11th Cir. R. 36-2 (2012). Nevertheless, *McNeal* concludes that *In re Folendore,* 862 F. 2d 1537 (11th Cir. 1989), is controlling precedent on this issue in this circuit, notwithstanding the Supreme Court's ruling in *Dewsnup v. Timm,* 502 U.S. 410 (1992), issued after *Folendore*. Because *McNeal* and *Follendore* provide a basis for the relief the Motion seeks and because the Respondent has not opposed the Motion, the Court will grant it.

It is, therefore, hereby ORDERED as follows:

1. The Motion is granted as set forth herein.

2. The junior lien on the Property held by the Respondent is deemed void with respect to the interest of the Debtors in the Property and shall be extinguished automatically, without further court order, upon entry of the Chapter 7 discharge in this case.

3. In the event this case is dismissed, the lien of the Respondent shall not be affected by this Order in accordance with 11 U.S.C. § 349(b)(1)(C).

4.  In the event this case is converted to a case under another Chapter of the Bankruptcy Code, the rights of the Respondent with regard to its lien shall be governed by the provisions of the Bankruptcy Code applicable in the converted case such that the lien of the Respondent shall not be affected by this Order.

[End of Order]

**DISTRIBUTION LIST**

Robert K Hammond
Gail K. Hammond
P O Box 1047
Holly Springs, GA 30142

William C. McCurdy, Jr.
William C. McCurdy, Jr.
12 North Main Street
Jasper, GA 30143

John T. Trammell, CEO
15 Sammy McGhee Blvd.
Jasper, GA 30143

Community Bank of Pickens County
15 Sammy McGhee Blvd.
P.O. Box 40
Jasper, GA 30143

Macey, Wilensky, Kessler, and
Hennings, LLC
230 Peachtree Street, NW
Suite 2700
Atlanta, Georgia 30303

Tracey L. Montz
Chapter 7 Trustee
Suite 108-#406
2146 Roswell Road
Marietta, GA 30062-3813